Lawrence A. FERRAN, Appellant,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare (Abraham A. Ribicoff, Secretary of Health, Education and Welfare, substituted as party appellee in the place and stead of Arthur S. Flemming, resigned), Appellee.

No. 18823.

United States Court of Appeals
Fifth Circuit.

Aug. 16, 1961.

C. Cyril Broussard, New Orleans, La., for appellant.

Francis G. Weller, Asst. U. S. Atty., New Orleans, La., M. Hepburn Many, U. S. Atty., New Orleans, La., for appellee.

Before CAMERON, BROWN and WISDOM, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

We are here again confronted with determining the correctness of an administrative decision, approved by the District Court, that an individual claiming to be disabled is not entitled to Social Security disability benefits. The claim resulting from a September 19, 1956 injury was first denied October 22, 1957 and this decision was sustained throughout the extensive administrative appellate procedures. The Claimant then sought review in the District Court. After the original pleadings were filed both parties presented motions for summary judgment on the Administrative Record accompanied by supporting memorandums. The Court denied the Claimant's motion and granted summary judgment for the Government without specifying any reasons for the ruling.

The Claimant at the time of the injury was employed as a carpenter for the Falstaff Breweries in New Orleans. While on the job for Falstaff he was caught between the couplings of two boxcars and was seriously crushed. It is undisputed that the injuries were severe as is evidenced by the fact that surgery was twice required within the following seven months. The damage was most serious to the right hip and right leg causing substantial loss of use of these portions of the Claimant's anatomy. Some eleven months after the injury the original claim for disability payments under Sections 216(i) (1) and 223 of the Social Security Act, 42 U.S.C.A. §§ 416 (i) (1), 423, was filed on July 26, 1957.

Evidence was presented by both the Claimant and the Government to show the extent of the Claimant's disability. This consisted in part of the reports of several physicians who had examined him at various times subsequent to the injury. These reports did not differ substantially. All agreed that the Claimant had received serious injuries. These included a massive avulsion (tearing away) of muscles and soft tissues surrounding the pelvis, especially the external surface of the ilium, a comminuted fracture of the right hip and pelvis with a separation of a large fragment of the iliac crest and a division of several branches of the femoral nerve which supply the anterior portion of the quadriceps muscle. There was the usual variance in the percentage of use of the leg and hip which was lost and some disagreement as to whether his condition was static. But there was no dispute that the Claimant walked with a pronounced limp on the right side, that he had pain in the right leg, hip and in his back, that the surgery scar was tender, that several muscles in the right leg had been lost and that the movement of the hip and leg were limited. And the examining doctors were in agreement that if the Claimant could engage in any physical work at all it would have to be of an extremely limited nature. Just what that work might be, none undertook to say.

The report of a Dr. Wickerstrom, an orthopedic surgeon who examined the Claimant for the Government was both decisive and uncontradicted. He stated categorically that the Claimant could not be expected to engage in "any employment which required standing.

walking, climbing of stairs or repeated arising from a sitting position." He thus ruled out the work of carpentering.

In addition to the doctors' reports oral evidence was presented before a referee. It showed that the Claimant was fifty-three years old, had an eighth-grade education and had done nothing but carpentry work for the greater part of his adult life. It also showed that he had not worked since the date of the accident and had some difficulty in moving about at all. He was able to drive an automobile, however, and would occasionally drive his wife to the grocery store, although she carried the groceries. As much as two or three times a week he would drive to his union hall and sometimes stay three to four hours. On his general condition he stated that except for his hip and leg, and excluding the fact that he was a "little nervous," he felt all right. There was also evidence that he had contemplated doing some saw filing work at his home and with this in mind declined training offered him by the State Vocational Rehabilitation authorities.

From the outset of the administrative process the Claimant's sought-after relief met with denials, all of which were based on similar reasoning. The original denial recognized that the Claimant's health had been impaired and that he was not able to do work requiring any strenuous physical effort, but stated that the injury "has not so severely affected your over-all ability as to make you unable to do any type of substantial gainful work." After a request for reconsideration proved unavailing, the Claimant sought a hearing before a Referee which was granted. At this hearing the evidence mentioned above, as well as the doctors' reports, was presented. Shortly thereafter the Referee rendered his decision denying the claim. Formal review of this decision was subsequently denied by the Appeals Council. In his decision the Referee discussed the physical capabilities of the Claimant shown by the evidence such as his ability to drive a car and his intention to do some saw filing work. He then concluded in the same general manner as the original denial, that all of the evidence both medical and non-medical showed that "the claimant could not work again as a carpenter" but that "it does not establish that his over-all condition is sufficiently severe to continuously prevent any and all substantial gainful work." But what that other gainful work might be, whether it was reasonably available, and whether it was within the training experience and capabilities of this Claimant are complete unknowns.

Without our pinpointing it precisely we think that this case, which was passing through the administrative process about the same time, reflects the same error in the basic standard of disability as was followed by the Secretary in Butler v. Flemming, 5 Cir., 1961, 288 F.2d 591; Flemming v. Booker, 5 Cir., 1960, 283 F.2d 321; Kerner v. Flemming, 2 Cir., 1960, 283 F.2d 916; Aaron v. Fleming, D.C.M.D.Ala.1958, 168 F.Supp. 291. There, as here, the position taken by the Secretary was a begrudging approach which virtually makes " 'disability' commensurate with 'helplessness', 'bed-ridden,' or 'at death's door.' " Aaron v. Fleming, supra, 168 F.Supp. 291, at page 295.

Thus Butler v. Flemming, 5 Cir., 1961, 288 F.2d 591, involved an individual who operated a domino hall to earn a living despite the fact that he was constantly in pain and had extreme nervous difficulties. As his condition worsened he was unable to continue this activity. The Referee in a decision after a hearing took note of the Claimant's poor physical condition and the fact that he had been unable to obtain work as a night watchman, but he determined that the possibility of the Claimant doing sedentary work had not been ruled out and therefore he was not entitled to disability benefits. We reversed and rendered the decision pointing out that under the Act a person is not compelled to work where to do so subjects him to considerable pain. On the contrary it is "the purpose of much social security legislation * * * to

ameliorate some of the rigors that life imposes." Furthermore, the mere suggestion of the Secretary that the Claimant could perform some type of sedentary work unaccompanied by any record evidence identifying such work within the capability of the particular Claimant was, we there held, insufficient to disprove his claim. While in so doing we did "not mean * * * to suggest that the formal burden is on the Government," we emphasized that "If there was any work which this Claimant was able to perform, the record fails to disclose it." 288 F.2d 591, at page 595.

The applicable principles to be followed in administering the Act were discussed in the able opinion of Judge Rives of this Court sitting as a District Judge in Aaron v. Fleming, M.D.Ala.1958, 168 F.Supp. 291. He there found that in defining "disability" the Referee had erroneously used a theoretical test wholly unrelated to the actual capabilities of the particular claimant, and then of the proper test he went on to say, " 'Implicit in this criterion (of ability to engage in substantial gainful activity) is that the gainful work be commensurate with plaintiff's educational attainments, his training and experience. * * *' " 168 F.Supp. 291, at page 295.

And in Flemming v. Booker, supra, 283 F.2d 321, 324, affirming the District Court, we rejected the Referee's finding that "the regularity and continuity of claimant's services in the used car lot during this statutory period makes a finding of inability to engage in gainful work wholly untenable." We reached this holding despite the fact that the claimant actually did spend some time at a used car lot helping out the owner and in this manner picked up a few dollars a week.

The end sought to be achieved should be that of determining a claimant's actual ability to engage in substantial gainful employment considering the experience he has in various lines of work, his education, his training and the actual availability of employment for a person of his age and capabilities.

If there is no market for the services he is able to render then he is truly disabled within the meaning of the statute. "Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available * * *." Kerner v. Flemming, 2 Cir., 1960, 283 F.2d 916, at page 921.

We do not think that these standards—which, in all fairness to the Secretary, have been elucidated authoritatively subsequent to the processing of this claim—have been followed. Our review is ordinarily, of course, limited to determining merely whether there is substantial evidence to support the administrative findings. But here, just as in the "clearly erroneous" review of a judge's findings, when the fact-finder has failed to employ the proper legal standard in making its determination the finding may not stand. Mitchell v. Mitchell Truck Lines, 5 Cir., 1961, 286 F.2d 721; Henderson and Poole v. Flemming, 5 Cir., 1960, 283 F.2d 882; United States v. Williamson, 5 Cir., 1958, 255 F.2d 512; Mitchell v. Raines, 5 Cir., 1956, 238 F.2d 186. The facts must be evaluated by the administrator in the light of correct legal standards to entitle the administrative findings to the insulation of the substantial evidence test.

As the facts have not yet been tested under proper standards we do not express any opinion on the ultimate decision to be reached. At the present time the facts are not so clear as they were in Butler, Booker and Aaron, supra, to compel reversal and rendition of a decision in the Claimant's favor. In such remand we would point out that while, just as in Butler v. Flemming, supra, 288 F.2d 591, we refrain from discussing this problem in terms of the technical burden of proof, an important phase of the administrative hearing must deal with the type of gainful activity this particular claimant may actually be able to obtain. As it is now undisputed that he cannot do carpentry work, to sustain a finding of no disability there must be some record showing that he can actually

572

engage in some reasonably available and substantial gainful activity. And in attempting to show his disability the Claimant is not required "by the use of a catalogue of the nation's industrial occupations" to "go down the list and verbally negative his capacity for each of them or their availability to him as an actual opportunity for employment." 288 F.2d 591 at page 595.

For rehearing and reconsideration in light of the principles developed in this and the cited cases the cause is remanded. The parties shall be free to offer new or supplemental proof as desired.

Reversed and remanded.