**Cecil E. FARLEY, Plaintiff,**

v.

**Abraham A. RIBICOFF, Secretary of the Department of Health, Education and Welfare, Defendant.**

**Civ. No. 18032.**

United States District Court
W. D. Pennsylvania.

March 1, 1962.

Frank J. Kernan, Pittsburgh, Pa., for plaintiff.

Joseph S. Ammerman, U. S. Atty., Pittsburgh, Pa., for defendant.

JOHN L. MILLER, District Judge.

This is an action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g) to review a final decision of the Secretary of Health, Education and Welfare, denying plaintiff's claim for a period of disability and for monthly disability insurance benefits. Each of the parties has filed a motion for summary judgment and, in addition, plaintiff has filed a motion to remand, alleging that the Appeals Council applied an erroneous standard in denying plaintiff's claim.

■ On review, this Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." 42 U.S.C.A. § 405(g). The Court is not free to substitute its inferences for those of the Referee provided they are supported by substantial evidence. Livingstone v. Folsom, 234 F.2d 75 (3rd Cir. 1956).

Under the Social Security Act, "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *. An individual shall not be considered to be under a disability

unless he furnishes such proof of the existence thereof as may be required." 42 U.S.C.A. § 416(i) (1). See also 42 U.S.C.A. § 423(c) (2). This provision has been judicially construed to require disability not only for his usual work but also for any type of substantial gainful activity. Adams v. Flemming, 276 F.2d 901 (2nd Cir. 1960). And, in connection with the issue of what employment opportunities are available for the applicant, it has been said that "mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available * * *." Kerner v. Flemming, 283 F.2d 916, 921 (2nd Cir. 1960); Ferran v. Flemming, 293 F.2d 568 (5th Cir. 1961). With this in mind, the Court now turns to a consideration of the facts.

On March 2, 1956, plaintiff sustained a crushing injury to his right arm which admittedly resulted in the loss of occupational use of that arm. At the age of 15 (in or about 1938), plaintiff lost the tips of the thumb, index finger and middle finger of the left hand but was able to perform the work of construction rigger for his employer for 19 years. In an attempt to save the right arm, bone grafts using a piece of bone from the tibia were attempted. Subsequent to his injury, plaintiff was ambulatory and was able to travel without assistance. His daily activities included shaving, dressing, trimming the grass and some yard work. Plaintiff's attending physician, Dr. Helsing, an orthopedic surgeon, testified that there was no disability in plaintiff's legs and that the pieces of bone removed for grafts had been replaced normally and naturally; that plaintiff was accustomed to the missing finger tips of the left hand since age 15 and that his only present significant impairment was confined exclusively to the right arm. Dr. Helsing testified that the plaintiff was not prevented from doing lighter work not requiring the use of his right arm.

Dr. Donaldson, an orthopedic surgeon who examined the plaintiff for the government, testified only as to the industrial loss of the right arm. Dr. Lloyd, a neurologist who examined the plaintiff for the government, indicated that plaintiff's legs should not handicap him but that by reason of surgery and treatments the plaintiff had developed a traumatic neurosis and that his general neurotic disposition had conditioned him against becoming useful again.

In addition to this evidence, the Appeals Council took administrative notice of certain industrial and governmental studies bearing upon the employment opportunities of persons suffering physical impairments of various kinds, including those of the kind suffered by the plaintiff. Based upon this evidence, the Appeals Council concluded that the plaintiff's impairment had not incapacitated him to the degree required by the Act.

■ Upon a careful review of the record in this case, the Court is unable to say that the findings of the Appeals Council are unsupported by substantial evidence. Even if the Court were of the opinion that other results were more reasonable, it would not be free to reweigh the evidence and set aside the findings.

In his motion to remand, plaintiff alleges that the Appeals Council "acted upon an erroneous impression of law and upon an impression that theoretical possibility of engaging in employment would bar claimant's claim for benefits." In support of this motion, plaintiff cites Ferran v. Flemming, supra. That case is inapplicable, however, for here the Appeals Council had ample evidence of employment opportunities for similarly disabled persons. Cf. Graham v. Ribicoff, 295 F.2d 391 (9th Cir. 1961).

Accordingly, the motion for summary judgment filed by the defendant will be granted and the motions filed by the plaintiff denied.