**Dewey W. MOORE**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare of the United States.**

**Civ. A. No. 8673.**

United States District Court
W. D. Louisiana,
Shreveport Division.

Feb. 11, 1963.

832

James A. Reeder, Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, La., for plaintiff.

Edward L. Shaheen, U. S. Atty., and Levin H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

BEN C. DAWKINS, Jr., Chief Judge.

This suit is filed under the authority of 42 U.S.C.A. § 405(g) to review an adverse decision of the Secretary of the Department of Health, Education and Welfare on plaintiff's administrative claim for disability social security benefits.

■■ Of course, the findings of the Secretary, as to any fact, if supported by "substantial" evidence, are conclusive. What amounts to substantial evidence is a matter for the reviewing Court to determine after a considered evaluation of the whole record. Hayes v. Celebrezze, 311 F.2d 648 (5 Cir., 1963), and authorities therein cited.

Claimant, Dewey W. Moore, has only a fifth grade education. He is now 58 years old, having been born on September 4, 1904. Since he left school, at the age of 16, he has been employed only at manual labor in various occupations such as pipeline work, oil field roughnecking, and as a railroad section hand until his back was injured in 1953. As shown by his social security earnings record, his only gainful employment since that time has been limited to earnings of $222.25 during one month in 1958. This put him back in the hospital for about three months. An attempt at selling food products on the road

in 1955 was abandoned after a month because of pain from his injury. At the time of the hearing before the examiner, all he was able to do was care for a few chickens at his home.

After the injury in 1953, Moore initially was treated by traction and wearing a back brace. In 1955, Dr. D. F. Overdyke, Jr., an orthopedic surgeon, removed a ruptured intervertebral disc in an effort to relieve his condition. The reports of Dr. Overdyke, who has treated the claimant continuously since 1955, indicate that he is totally unable to perform anything other than light, simple, repetitive tasks.

Three other doctors, one of whom also is an able orthopedist, confirm Dr. Overdyke's finding that the patient, who has an I. Q. of 80–85, classified as "dull normal," is totally and permanently disabled, and is unable to do manual labor (all that he knows how to do), particularly anything which requires stooping, bending, or lifting. He now is forced to wear a brace on his right leg, which has noticeably atrophied, in addition to his back brace. He also, according to a chest specialist, has definite disability in his breathing capacity. He possesses no manual dexterity, and is clumsy with his hands, ruling out any possibility of his successfully learning any occupation requiring fine and controlled use of his hands. The Vocational Rehabilitation Division of the Louisiana Department of Public Welfare has turned him down for any sort of training in work he does not know.

One internist, who concluded Moore was capable of substantial gainful employment, indicated that, in his opinion, plaintiff was malingering. The objectivity and validity of this report, based on a single office examination, is virtually destroyed, however, by the fact that this doctor "was aware of the serious areas of questionable malingering before he entered into the examination." Such "awareness" would indicate that the doctor was more interested in finding signs of malingering than in attempting to determine what residual work capacities, if any, plaintiff might have. Moreover,

we do not regard this doctor's report as constituting "substantial" evidence supporting the hearing examiner's conclusions because plaintiff's disability is in the field of orthopedics, not internal medicine, and this internist is not professionally qualified to express a valid opinion as to his condition.

■ Resolution of these differing medical opinions, which overwhelmingly preponderate in favor of plaintiff's claim, ordinarily is not the function of the reviewing Court. Usually, such determination is within the exclusive province of the Secretary. Hayes v. Celebrezze, supra.

In determining that the claimant was not entitled to social security benefits, the hearing examiner found:

" * * * While the claimant does have some arthritic involvement in his back due to the surgical procedures performed and some as a natural consequence of his age, it is not established that the back condition is of such severity as would continuously preclude him from engaging in any type of substantial gainful activity * * *. The examinations do not show an impairment or combination of impairments of such severity as would continuously preclude the claimant from engaging in any type of substantial gainful activity. While because of his age and overall condition, the claimant could not be expected to engage in work of a hard strenuous nature, it is not established that he is or has been continuously unable to engage in any type of substantial gainful activity commensurate with his overall ability from the alleged date of onset of disability up to the time the earnings requirements for disability purposes expired with the calendar quarter ending December of 1955."

While these findings are rather ephemeral (and in the light of this record quite cold hearted), they indicate and the record at best, from the Secretary's point of view, could only support a finding that the claimant is unable and since 1955 has

been unable to engage in work of arduous nature. The conclusion of the hearing examiner that the claimant could perform a "substantial gainful activity" must rest upon a determination that the claimant was able to engage in some activity other than manual labor. The findings, however, are a complete blank as to just what remaining capabilities plaintiff has, especially in that they do not show at all what types of jobs, if any, are reasonably available to plaintiff.

■■ A finding of a mere theoretical ability to work at some task is not enough. To support an administrative determination by the Secretary in ruling adversely to a claimant, there must be some substantial evidence of the kind of work, if any, this individual can do and what employment opportunities are available for a man in such condition. Erickson v. Ribicoff, 305 F.2d 638 (6 Cir., 1962).

As stated in Butler v. Flemming, 288 F.2d 591 (5 Cir., 1961):

"If there was any work which this Claimant was able to perform, the record fails to disclose it. We do not mean by that to suggest that the formal burden is on the Government to make any such specific showing since the statute puts the general burden on the claimant. But in the context of this Act and the manner in which, out of necessity, it has to be administered with much informality and in great volume, satisfaction of the claimant's statutory obligation is to be judged in a practical way. [Citation omitted.] Considering the background, experience, training, education, physical and mental capabilities of the Claimant, the kinds and types of employments formerly followed and no longer open to him, *the absence of any indication of any specific work* less exacting within his residual competency and reasonably available as a prospective source of employment in the general area where he lives, this record satisfies that test. When the Claimant could no longer even shuffle dominoes, he was not required by the use of the catalogue of the nation's industrial occupations to go down the list and verbally negative his capacity for each of them or their availability to him as an actual opportunity for employment." (Emphasis supplied.)

And in Ferran v. Flemming, 293 F.2d 568 (5 Cir., 1951):

"The end sought to be achieved should be that of determining a claimant's actual ability to engage in substantial gainful employment considering the experience he has in various lines of work, his education, his training and the actual availability of employment for a person of his age and capabilities. *If there is no market for the services he is able to render then he is truly disabled within the meaning of the statute.* * *

* * * * * *

"* * * [W]e refrain from discussing this problem in terms of the technical burden of proof, an important phase of the administrative hearing must deal with the type of gainful activity this particular claimant may actually be able to obtain. As it is now undisputed that he cannot do carpentry work, to sustain a finding of no disability there must be some record showing that *he can actually engage in some reasonably available and substantial gainful activity.* * * *" (Emphasis supplied throughout.)

For these reasons, the decision of the Secretary is reversed and the matter is remanded so that additional evidence and findings as to plaintiff's work capabilities and opportunities, if any, can be made. If none can be established, then his claim for benefits should be honored.