**J. D. TURNER, Plaintiff,**

v.

**Abraham RIBICOFF, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 2593.**

United States District Court
S. D. Alabama, S. D.

Dec. 13, 1963.

Robert F. Adams, McCorvey, Turner, Johnstone, Adams & May, Mobile, Ala., for plaintiff.

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., for defendant.

DANIEL HOLCOMBE THOMAS, District Judge.

This action was commenced pursuant to the provisions of 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare, denying to the plaintiff the period of disability and disability insurance benefits for which he had applied. Following the judgment of this Court, entered May 14, 1962, and under the direction thereof, a rehearing was held December 3, 1962, before a Hearing Examiner. It was the recommendation of the Examiner that the claimant was not entitled to a period of disability and disability insurance benefits. The recommendations and decision of the Hearing Examiner were made the decision of the Secretary of Health, Education and Welfare, after review by the Appeals Council, and a final decision was entered denying relief to the plaintiff. It is this decision which plaintiff seeks to have reviewed pursuant to 42 U.S.C.A. § 405(g).

The Hearing Examiner found that the claimant was insured for disability insurance benefits in that his earnings record showed coverage required by the Social Security Act. The Examiner also found that claimant was not disabled to the extent required by the Act, and

this finding is the only concern of the Court on this review.

Claimant was employed by Aluminum Company of America from August 18, 1937, until he was retired June 1, 1958. He did no work during the last two months of his employment due to his physical condition. Claimant had served as plant foreman for his employer since 1939, having complete responsibility for the operation of the plant during the night shift, supervising all phases of the plant operation, including direct supervision of the foremen of the various departments.

Prior to his working for Aluminum Company of America, claimant had worked at various jobs, varying from timekeeper on construction work, which involved traveling, to batch weigher at a fertilizer plant. All of the jobs, with the possible exception of batch weigher, which no longer exists, required quite a bit of physical exertion. For the most part the jobs were commensurate with the tenth grade education of the claimant.

There is no doubt that the claimant does have a heart condition or disease. The only problem is to what extent is this a disabling condition.

Dr. Rhett Walker, in a report of June 13, 1958, to the Social Security Administration concerning the claimant, diagnosed claimant as having arteriosclerotic heart disease, Class IIIC. His heart was found to be moderately enlarged. An electrocardiogram showed left bundle branch block. Dr. Walker reported claimant was restricted to light physical activity, and stated he believed retirement was justified by degree of disability.

In a subsequent report, dated November 14, 1959, Dr. Walker reported claimant had arteriosclerotic heart disease IIIC, cardiac enlargement, distant breath sounds, and left bundle branch block on EKG. In the progress report claimant's condition was described as probably static. Dr. Walker advised claimant not to work.

A comprehensive medical examination of claimant was made on February 13, 1959, by Dr. I. A. Koffler at the request of Mr. W. P. Snuggs, Supervisor Disability Determinations. In his electrocardiogram interpretation Dr. Koffler found an abnormal electrocardiogram with left bundle branch block, complete, typical. His diagnoses in the case were coronary arteriosclerosis with EKG evidence of left bundle branch block; chest pain, probably of muscular skeletal and of coronary origin; and chronic anxiety, severe. Dr. Koffler felt it was not safe to do an exercise tolerance test in the face of a left bundle branch block. According to Dr. Koffler, "There is no question but that this patient (claimant, Turner) is totally and permanently disabled for his previous type of improvement [probably meant employment] because of the existence of coronary artery disease plus tremendous psychogenic overlay. Obviously the latter will aggravate his coronary artery disease."

Mr. Turner was examined by Dr. H. Duke Thomas of the University of Alabama Medical Center pursuant to the order of this Court that claimant be examined by a cardiologist. Claimant told Dr. Thomas that he had two episodes of syncope prior to his hospitalization in November of 1957. Upon examination Dr. Thomas, in his report of July 30, 1962, found that Mr. Turner, claimant, had: (1) ischemic heart disease with old myocardial infarction by history and present electrocardiogram showing left bundle branch block, (2) generalized arteriosclerosis, (3) senile emphysema, (4) chest pain, peri-apical and probable angina pectoris, (5) chololithiasis by history, (6) bilateral varicosities, and (7) benign prostatic hypertrophy.

Subsequent to his report, Dr. Thomas was informed that Mr. Turner's medical record did not corroborate his statement that he had syncope. Dr. Thomas examined the hospital records of claimant for his admission in 1957 and stated that from the records he could not determine whether Mr. Turner had sustained a myocardial infarction in 1957. He noted that Dr. Walker, in 1957, had diagnosed

Mr. Turner's condition as arteriosclerotic heart disease and left bundle branch block, with transient auricular fibrillation. Dr. Thomas reported that left bundle branch block is frequently developed as a result of myocardial infarction, and that in the presence of left bundle branch block it is often impossible to decide whether a myocardial infarction is present or not.

Dr. L. L. Brown, who has known Mr. Turner for several years, testified that he examined Mr. Turner and found him to have coronary heart disease. EKG showed left bundle branch block and chest x-ray showed moderate cardiac enlargement. From medical history and his findings, Dr. Brown was of the opinion that Mr. Turner was presently (1961) totally and permanently disabled from doing any substantial gainful activity, and in his opinion was so disabled in April 1958, and in the intervening time. Dr. Brown was of the opinion that Mr. Turner would *never* be able to work at least part time.

Dr. Brown was asked by the Hearing Examiner if he thought this man (Turner) could do a sedentary job within his educational competence, such as sitting down on a timekeeping job, sitting and assembling plastic articles, etc., insofar as his heart reserve was concerned. Dr. Brown was of the opinion that Mr. Turner probably could do that on a limited basis, but it would have to be on trial to see.

■ The test for disability under the Social Security Act consists primarily of two parts: (1) a determination of the extent of the physical or mental impairment; and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity. 42 U.S.C.A. §§ 416 and 423.

It is the opinion of the Court, after giving full consideration to the entire record, that the conclusions of the Secretary are not supported by substantial evidence.

■ Substantial evidence on which a finding of fact may be based is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It must be based on the record as a whole and it means more than a mere scintilla of evidence. National Labor Relations Board v. Columbian Enameling & Stamping Co., 1939, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660; Universal Camera Corp. v. National Labor Relations Board, 1951, 340 U.S. 474, 487, 488, 71 S.Ct. 456, 95 L.Ed. 456.

■ Whether a claimant is disabled within the meaning of the Act is to be determined by a subjective test rather than objective. In Aaron v. Fleming, D.C.M.D.Ala.1958, 168 F.Supp. 291, 295, Circuit Judge Rives, sitting by designation, stated " * * * But surely the test must be subjective—surely our ever-enlarging bureaucracy has not yet reached the stage of 'expertise' that it can depersonalize a person's illnesses. Subjectiveness *must* be the test, and as stated in Jacobson v. Folsom, D.C.S.D.N.Y.1957, 158 F.Supp. 281, 286:

> " 'Implicit in this criterion (of ability to engage in substantial gainful activity) is that the gainful work be commensurate with plaintiff's educational attainments, his training and experience. * * * For a man engaged in active and high pressure selling all of his adult life a transition at this late stage in life to a "white collar" job under close supervision might be unrealistic and irreconcilable with his training and experience. Furthermore, his ability to obtain such employment, in view of his selling background, might be doubtful.' "

In Aaron v. Fleming, supra, and later in Ferran v. Flemming, 5 Cir. 1961, 293 F.2d 568, it was found that the Secretary's test as to what constitutes disability was commensurate with "helplessness", "bed-ridden", or "at death's door." The same test was apparently applied in this case.

■ Since disability is to be determined by a subjective test we have to

288

determine whether Mr. Turner is able to engage in substantial gainful activity. What can Mr. Turner do and what employment opportunities are there for him? Mere theoretical ability to engage in substantial gainful activity is not sufficient, if no reasonable opportunity for this is available. Kerner v. Flemming, 2 Cir. 1960, 283 F.2d 916, 921; Hicks v. Flemming, 5 Cir. 1962, 302 F.2d 470.

The Hearing Examiner, in his recommended decision, made reference to several jobs as potential substantial gainful employment, these jobs being listed in the Dictionary of Occupational Titles, published by the U. S. Department of Labor, Bureau of Employment Security. He also took "notice" of other job opportunities existing in Mobile. Although it is not the duty of the Secretary to find a specific employer and a specific job for the claimant, it must be reasonably possible, not merely conceivable, that claimant can engage in substantial gainful employment or activity before his claim can be denied. Celebreeze v. Bolas, 8 Cir. 1963, 316 F.2d 498. The claimant does not have to introduce evidence which negatives every imaginable job open to men with his impairment, and of his age, experience and education. "If there are other kinds of work which are available and for which the claimant is suited, it is the defendant's burden to adduce some evidence from which a finding can be made that he can do some type of work; actually, not apparently." Ellerman v. Flemming, D.C.W.D.Mo.1960, 188 F.Supp. 521, 527. Admittedly it is conceivable that Mr. Turner could engage in substantial gainful employment, but the evidence does not support a finding that it is reasonably possible or that he can actually do so. In fact the record and evidence negatives such a finding. The findings of the defendant are not supported by substantial evidence.

Judgment will be entered reversing the decision of the Secretary and remanding the cause for determination of disability benefits and payment thereof.