**Dewey W. MOORE**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare of the United States.**

**Civ. A. No. 8673.**

United States District Court
W. D. Louisiana,
Shreveport Division.

May 10, 1965.

James A. Reeder, Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, La., for plaintiff.

Edward L. Shaheen, U. S. Atty., and Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

BEN C. DAWKINS, Jr., Chief Judge.

In this action brought under 42 U.S.C.A. § 405(g) plaintiff seeks review and reversal of a final decision by defendant denying claimant's application for Social Security disability benefits and establishment of a period of disability. After cross motions for summary judgment were filed, the case was submitted for decision on the administrative record.

Claimant first filed an application for disability benefits and a disability freeze June 16, 1960, in which he alleged he became disabled from engaging in any substantial gainful activity in March, 1955. Claimant last met the earnings requirements of the Act for the quarter ending

December 31, 1955. When claimant's application was denied by the Secretary, he applied to this Court for review. We remanded the case with instructions that the Secretary should take further evidence as to claimant's work capabilities and opportunities, and if none could be established, the claim should be honored. Moore v. Celebrezze, 213 F.Supp. 831 (W.D.La.1963).

A new hearing was held December 16, 1963, at which time additional evidence was taken, and the hearing examiner in a lengthy opinion recommended that claimant's application be denied. The Appeals Council approved this decision in a separate opinion, and claimant again has requested review here.

Claimant is a 60-year-old white male with a fifth grade education. He began working at age 16 and has been employed in various occupations involving manual labor such as pipeline construction work, oil field roughnecking, railroad section hand and agricultural work. He also worked for more than a year as a guard at an ammunition plant, and for a short period he was employed in a grocery store. He was helping clear rights-of-way for the laying of a pipeline in Michigan when he hurt his back July 7, 1953.

Claimant initially was treated by traction and was given a back brace to wear. In 1955 Dr. Overdyke, an orthopedic surgeon, removed a rupture interverte-bral disc to improve his condition, but subsequent medical reports by Dr. Overdyke show that the operation did not alleviate his condition successfully. Dr. Cook, a general practitioner, and Dr. Overdyke conclude that claimant is totally unable to perform anything other than light, sedentary work. Three other doctors, one of whom is also an orthopedist, agree that claimant is unable to do any manual labor, particularly anything which requires stooping, bending or lifting.

Claimant has an I.Q. of 80–85, classified as "dull-normal," and wears a back brace and a brace on his right leg. He possesses little manual dexterity and is clumsy with his hands, which rules out the possibility of his successfully learning any occupation requiring controlled use of his hands. The Vocational Rehabilitation Division of the Louisiana Department of Public Welfare has declined to give him training in any new trade or occupation.

The hearing examiner and the Appeals Council concluded that claimant was able to perform substantial gainful activity within the meaning of the Act [See 42 U.S.C.A. §§ 416(i) (1), 423(c) (2)] during the period of disability claimed, from March, 1955, to December, 1955. We do not think that conclusion is supported by substantial evidence.

In our previous opinion we noted that a mere theoretical ability to work at some task is not enough to support a denial of a claim by the Secretary. Hicks v. Flemming, 302 F.2d 470 (5 Cir. 1962); Kerner v. Flemming, 283 F.2d 916 (5 Cir. 1960). To support an administrative denial of a claim by the Secretary, there must be substantial evidence showing what jobs the claimant is capable of performing and what reasonable opportunities for these jobs are available within claimant's geographical area. Celebrezze v. Kelly, 331 F.2d 981 (5 Cir. 1964); Hayes v. Celebrezze, 311 F.2d 648 (5 Cir. 1963); Ferran v. Flemming, 293 F.2d 568 (5 Cir. 1961).

Even though we remanded this case previously for the taking of additional evidence as to claimant's work capabilities and the employment opportunities available to him in his geographical area, no additional evidence was received at the second hearing on this point. There was no evidence as to what employment opportunities were available to a person who can do what claimant can do.

There was considerable evidence introduced at the second hearing concerning work attempted by claimant since the date of his back injury. This evidence shows that claimant and his family went to the Northwest part of the United States during 1958 and 1959 and engaged in agricultural work for short periods in an attempt to make a living. How-

ever, the testimony of claimant and members of his family shows that claimant was not able to do the work and that it was performed by his wife and children. The Appeals Council noted that "the hearing examiner has made *no* finding that the claimant engaged in substantial gainful activity as a result of his work activities subsequent to the alleged onset of disability." We agree that no such finding has been made, and we further think these futile attempts by claimant to work help to underline his disability.

The hearing examiner consulted the Dictionary of Occupational Titles and determined for himself that there were several jobs which claimant could perform. Among these were gateman or gatekeeper, grocery checker, sales clerk and route salesman. We note, however, that claimant attempted the job of route salesman selling Watkins products after his injury, and he was unable to continue because of his back condition. Claimant performed the jobs of guard or gateman at an ammunition plant and of grocery checker or helper before his injury, but these jobs involve considerable walking and standing for long periods of time and even some lifting. Medical evidence is to the effect that claimant only can perform light *sedentary* work, and none of these jobs falls within that category. At best, the evidence can be said to show only a *theoretical* ability of claimant to perform any of these jobs. There was no showing that any of these jobs reasonably were available in the geographical area where claimant lives.

Claimant introduced abundant evidence to show he can no longer perform manual labor, and due to his age, I.Q., educational limitations, limited training and incapacity for training in a new job, he is not capable of performing other gainful employment. We conclude, therefore, that there is insufficient evidence in the record to support the Secretary's denial of disability benefits to claimant. The case is remanded to the Secretary with instructions to grant plaintiff's claim.