758 F.2d 653
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THOMAS J. SHERRILL, JR., PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-5326
 United States Court of Appeals, Sixth Circuit.
 2/12/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
 Before: CONTIE, KRUPANSKY and MILBURN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant, Thomas J. Sherrill, Jr., appeals the district court's affirmance of the final decision of the Secretary denying his claim for disability insurance benefits and supplemental security income under the Social Security Act. The district court held that although the claimant suffers from a severe impairment preventing him from performing his past work, there is substantial evidence to support the conclusions of the Administrative Law Judge ('ALJ') and Appeals Council that the claimant can perform light work, and is, therefore, not disabled. Because the ALJ applied an incorrect standard in evaluating Mr. Sherrill's complaints of pain, we reverse.
 
 
 2
 Mr. Sherrill filed his application on September 4, 1981. His application was administratively denied, both initially and on reconsideration. Upon his request, Mr. Sherrill received a de novo hearing before an ALJ who also denied his application. The Appeals Council thereafter declined to grant review of the case.
 
 I.
 
 3
 Mr. Sherrill was born on June 18, 1936. Despite a 5th grade education, he cannot read or do simple arithmetic and can only write his name. Mr. Sherrill last worked in June of 1981. For the twenty-five (25) years prior to that, he had worked for a lumber company pulling and stacking lumber. The boards he lifted weighed as much as 200 pounds. This is the only work he has done in his life.
 
 
 4
 Mr. Sherrill began complaining of chest pain to his family physician, Dr. Donald Polk, in March of 1981. He was hospitalized for diagnostic testing at St. Thomas Hospital in Nashville, in June of 1981. Based on testing performed at the hospital, Dr. Lawrence Grossman, a cardiologist, diagnosed posterior wall heart disease and angina. Dr. Grossman's tests also revealed that Mr. Sherrill suffers from pulmonary fibrosis and emphysema. Dr. Grossman ordered the claimant to quit smoking and prescribed various medications.
 
 
 5
 At the request of the Secretary, Mr. Sherrill was examined on May 1, 1982, by Dr. Robert Evans. Although Dr. Evans obtained some of Mr. Sherrill's medical reports, he noted that his ability to specify a diagnosis was limited by his not having been given the medical records from St. Thomas Hospital. Dr. Evans concluded that Mr. Sherrill 'will be severely limited in his physical capacity by his lung disease as evidenced by his pulmonary function studies and his resting cyanosis.'
 
 
 6
 Another consultative physician, Dr. Batson, examined Mr. Sherrill on September 30, 1981. Dr. Batson diagnosed mild chronic obstructive pulmonary disease. Dr. Batson also did not have access to Mr. Sherrill's medical records from St. Thomas Hospital.
 
 
 7
 Finally, Mr. Sherrill was examined by psychiatrist John Griffin for a consultative examination on May 22, 1982. Dr. Griffin diagnosed Mr. Sherrill as suffering from a 'personality disorder with prominent, dependent, and schizoid features.' However, Dr. Griffin felt that Mr. Sherrill's ability to work should be primarily determined on the basis of his physical condition and that from a purely psychiatric standpoint his emotional state would not prevent him from regular employment.
 
 
 8
 At the hearing before the ALJ, Mr. Sherrill testified that he suffers from plain in the left side of his chest which cuts off his breath and which is brought on by lifting and stooping. The chest pain is somewhat relieved by nitroglycerin. Mr. Sherrill testified that he gets out of breath if he walks 200 feet. Mr. Sherrill further testified that he is quite nervous, and that although once a heavy smoker, he had reduced his smoking from two packs to 4 or 5 cigarettes a day after his release from St. Thomas.
 
 
 9
 As to his daily activities, Mr. Sherrill testified that he no longer does any work around the house, hardly ever drives the car, and is no longer able to hunt or go fishing. Mr. Sherrill testified that he spent most of his time sitting in a reclining chair watching television.
 
 
 10
 Mr. Sherrill's wife testified that the breathing spells and chest pains which her husband suffers from 3 or 4 times a week cause him to get very pale and break out in a cold sweat. Mrs. Sherrill confirmed that he is no longer able to help around the house, to hunt or fish, and has even stopped playing outside with his children.
 
 
 11
 The ALJ's conclusion, in relevant part, is as follows:
 
 
 12
 After carefully considering all the evidence in the record, the administrative law judge finds that while the claimant has a severe impairment which prevents him from returning to his former work, the claimant has no impairment or combination of impairments which prevents him from engaging in other types of substantial gainful activity. . . . After carefully weighing all the medical evidence in the record, the administrative law judge finds that the claimant retains the ability to perform light work.
 
 II.
 
 13
 The Secretary is statutorily charged with determining the facts relevant to an application for disability benefits. 42 U.S.C. Sec. 405(b). While the agency's final decision is subject to federal court review, '[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive.' 42 U.S.C. Sec. 405(g). Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217 (1938)). The reviewing court is not authorized to conduct a de novo examination of the evidence; it may only determine whether, as a matter of law, the administrator's findings are supported by substantial evidence. O'Banner v. Secretary of Health, Education and Welfare, 587 F.2d 321 (6th Cir. 1978).
 
 
 14
 The most important issue raised in this appeal is whether the ALJ properly evaluated Mr. Sherrill's subjective symptoms and the testimony concerning those symptoms. Mr. Sherrill testified, with corroboration by his wife, that he is unable to walk 200 feet, unable to lift or stoop, that he has chest pain, and that he feels drowsy and tired all the time. Mr. Sherrill insists that this testimony, if believed, establishes his inability to engage in light work.
 
 
 15
 The ALJ's conclusions as to this testimony were as follows:
 
 
 16
 The administrative law judge has given sympathetic consideration to the claimant's testimony at the hearing concerning all of the problems he has been having. The administrative law judge concludes however that the severity of the claimant's problem is not reflected by the objective medical evidence in the record, and that the claimant may not be found to be disabled within the meaning of the Social Security Act. [Emphasis supplied]
 
 
 17
 In Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383 (6th Cir. 1978), this court faced a similar statement by the Appeals Council. The court stated:
 
 
 18
 The decision we review today . . . seems to be based on a rejection of the plaintiff's testimony because the medical evidence is too thin to corroborate it. We do not believe this is substantial evidence. The medical evidence is consistent with a painful disorder, the plaintiff's testimony was wholly corroborated by his wife's affidavit, and there is no hint anywhere of exaggeration or malingering on the plaintiff's part.
 
 
 19
 Id. at 387.
 
 
 20
 We think the court's statement in Beavers controls our decision today. Mr. Sherrill's testimony is corroborated by the medical reports indicating that he suffers from posterior wall disease, angina, pulmonary fibrosis and emphysema. This medical evidence is consistent with a painful disorder and, in addition, Mr. Sherrill's testimony was wholly corroborated by his wife's testimony, just as in Beavers. Furthermore, as this court stated in Beavers, supra, '[t]here is no requirement that the underlying medical basis for subjective complaints of pain clearly indicate that such pain would be inevitable.' 577 F.2d at 386.
 
 
 21
 Because the ALJ evaluated the evidence according to improper legal standards, the substantial evidence standard does not apply. Branham v. Gardner, 383 F.2d 614 (6th Cir. 1967). Quoting from the decision in Ferran v. Flemming, 293 F.2d 568, 571 (5th Cir. 1961), the court held:
 
 
 22
 Our review is ordinarily, of course, limited to determining merely whether there is substantial evidence to support the administrative findings. But here, just as in the 'clearly erroneous' review of a judge's findings, when the fact-finder has failed to employ the proper legal standard in making its determination the finding may not stand. [citations omitted] The facts must be evaluated by the administrator in the light of correct legal standards to entitle the administrative findings to the insulation of the substantial evidence test.
 
 
 23
 383 F.2d 626-27 (emphasis in original).
 
 
 24
 For the reasons stated herein, an order will enter VACATING the judgment of the district court and REMANDING the case to the district court for further remand to the Secretary for further proceedings consistent with this opinion.