Betty L. Gienau SMITH, Plaintiff,

v.

Anthony CELEBREZZE, Secretary of Health, Education and Welfare of the United States, Defendant.

Civ. No. 3-612-W.

United States District Court
S. D. Iowa, W. D.
Aug. 2, 1965.

Peter J. Peters, Council Bluffs, Iowa, for plaintiff.

Donald A. Wine, U. S. Atty., Des Moines, Iowa, for defendant.

HANSON, District Judge.

This is a ruling on a review of decision by a Social Security Hearing Examiner. The issue is whether the death of the

wage-earner, Robert L. Gienau, and, if so, the date of such death. The Examiner found that the death had not been established. Request for review was denied by the Appeals Council. No ruling was made with reference to the date of death and that matter is not before this court.

■■■ The decision must be affirmed or reversed only on the grounds set forth by the agency. Texas Gas Transmission Corp. v. Shell Oil Co., 363 U.S. 263, 270, 80 S.Ct. 1122, 4 L.Ed.2d 1208. If there is substantial evidence considering the record as a whole to support the grounds set forth by the Examiner, the decision must be affirmed. If not, it must be reversed.

■■■ Section 404.705 of Regulation 4 of the Social Security Administration provides:

"Presumption of death. Whenever it is necessary to determine the death of an individual in order to determine the right of another to a monthly benefit or a lump-sum death payment under section 202 of the act, and such individual has been unexplainedly absent from his residence and unheard of for a period of seven years, the Administration, upon satisfactory establishment of such facts and in the absence of any evidence to the contrary, will presume that such individual has died."

The same considerations as set out in the statute are found in the common law. See Wigmore on Evidence, Section 253 (a). There must be such a search and inquiry for the absentee as the reasonable nature of the case may require. The absence must be unexplained.

The facts in this case are relatively simple. The wage-earner deserted his family in 1952. He had two children, a wife, parents and a sister. They have not heard from him for the past 13 years. The wage-earner was supposed to have run off with his friend's wife. That woman was located. She had remarried and knew nothing of the wage-earner.

The Examiner did not find that the claimant failed to make the necessary search. After he left, his wife immediately notified the States' attorney. His wife contacted the woman the wage-earner deserted with. She had tried to trace him through the police and car registration. She tried to trace him through the Social Security regulations.

The Examiner did find that the absence of the wage-earner was not unexplained. The court can find no substantial evidence to support this finding. The defendant in its brief sets out five reasons why the absence is not unexplained. In substance, they are domestic problems and fear of authorities for deserting his family. The Examiner did not rely on any fear of prosecution. Accordingly, it cannot be relied on here. At any rate, far more significant and realistic fears of the law have not been sufficient to negate the presumption. See Penn Mutual Life Ins. Co. v. Tilton, 10 Cir., 84 F.2d 10; Rodskier v. Northwestern Mutual Life Ins. Co., 216 Iowa 121, 248 N. W. 295.

■■■ Also, the lack of family attachments of the absentee do not negate the presumption that the deceased died during the seven year absence. It does tend only to diminish the presumption of death as the cause of the disappearance. See Ireland v. Metropolitan Life Assurance Co., 184 Wash. 1, 49 P.2d 469; Howard v. Equitable Life Assurance Society, 197 Wash. 230, 85 P.2d 253. See also the cases cited in Wigmore Section 2531.

■■■ The court concludes that the fact that the wage-earner evidently decided to leave his wife does not explain why he failed during the past 13 years to contact his children, his parents or his sister. Reason dictates only that if he was alive he would have contacted one of them during the past 13 years. Also rumors are not sufficient to negate the presumption. Kennedy v. Modern Woodmen, 243 Ill. 560, 90 N.E. 1084, 28 L.R.A., N.S., 181.

It is hereby ordered that the decision of the Appeals Council and Examiner is reversed and the cause is remanded for further proceedings consistent with this opinion. The court does not reach the issue of the date of death.