**Raul BENITEZ, Plaintiff-Appellant,**

**v.**

**Joseph A. CALIFANO, Secretary of Health, Education & Welfare, United States of America, Defendant-Appellee.**

**No. 76–1766.**

United States Court of Appeals, Ninth Circuit.

April 20, 1978.

Eugene G. Schuster, of Critchlow, Williams, Ryals & Schuster, Richland, Wash., for plaintiff-appellant.

Dean C. Smith, U. S. Atty., Spokane, Wash., for defendant-appellee.

Before CHAMBERS and KENNEDY, Circuit Judges, and JAMESON,* District Judge.

JAMESON, District Judge:

Raul Benitez has appealed from a judgment affirming the decision of the Secretary of Health, Education and Welfare denying appellant's claim for social security disability benefits. Following a hearing, an administrative law judge concluded that appellant was "not entitled to either a period of disability or disability insurance benefits under sections 216(i) and 223(a) respectively, of the Social Security Act, as amended".[1] The Appeals Council affirmed the decision of the administrative law judge. This action followed. Both parties filed motions for summary judgment. The motion of the Secretary was granted. We reverse.

Appellant is a United States citizen of Mexican ancestry. He was born on September 28, 1935 in Texas and received a fourth grade education. Although he can read and write Spanish, he is functionally illiterate in English. He can speak and understand some English, but can neither read nor write it.

Prior to the onset of his physical impairment appellant's work consisted primarily of farm labor—picking cotton and fruit, and driving farm equipment. He worked briefly as a gas station attendant and for a car dealer cleaning cars.

Appellant suffered back injuries on April 30, 1971, when he fell off a tractor. His injuries resulted in chronic lumbosacral strain which requires periodic therapeutic treatment. The examining doctors generally were in agreement that his back condition prevented appellant from engaging in any work which would require him to do any bending, stooping, or lifting. In the future he would only be able to do light, sedentary type work.

*Findings of Administrative Law Judge*

At the administrative hearing a vocational counselor testified that although there were light, sedentary jobs available in the market that would not involve bending, stooping, or lifting, appellant's lack of education and fluency with English would make it difficult for him to obtain those jobs. After considering the hearing testimony and documentary evidence regarding appellant's physical condition and the availability of jobs in the area, the judge found that appellant's "impairment consists of a low back condition which permits only light or sedentary work which does not require repeated stooping or bending"[2] and that impairment had prevented appellant "from doing his previous work at all times since May of 1971". The judge found further that although his impairment "leaves him with a residual physical capacity to perform a significant number of jobs which exist in his region of the country", the appellant "is not able to perform said jobs which are within his residual physical capacity because of his restricted literacy and fluency with the English language".

At the hearing and in his decision the judge expressed concern about appellant's unusual status. In a Special Problem Note

---

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

1. 42 U.S.C. §§ 416(i), 423(a).

2. In his decision the judge stated: "Considering Applicant's impairment which prohibits repeated bending or stooping, it must be concluded that he cannot return to his former work as a stoop laborer, a farm hand driving tractor, general service station work, or cleaning new cars."

he discussed the "significant problem which prevents a finding that Applicant has the actual ability to perform the light and sedentary jobs [otherwise available in the region], i. e., the nature and level of Applicant's education". He concluded that "Applicant would not be able to be trained for most of the jobs referred to within a reasonable period of time . . . [and] his language restriction would probably prevent employment at anything but a manual labor job". Nevertheless, the judge concluded that appellant was not under a "disability", as that term is used in the Social Security Act, because his physical impairment was not the "primary reason for preventing him from engaging in any substantial gainful activity. . . . " His unemployability was due to "his lack of fluency and education in English".

### Scope of Review

By statute the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "It is not within our province to judge the credibility of witnesses before the Administrative Law Judge". *Walker v. Mathews,* 546 F.2d 814, 820 (9 Cir. 1976). In general, our task is limited to reviewing the judge's factual findings to decide whether they are supported by substantial evidence. *Id.* at 818. However, "[e]ven though the findings be supported by substantial evidence, the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision". *Flake v. Gardner,* 399 F.2d 532, 540 (9 Cir. 1968).

### Provisions of Social Security Act

42 U.S.C. § 423(d)(1)(A) defines "disability" as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which can be expected to last for a continuous period of not less than 12 months". § 423(d)(2)(A) provides that "an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .''

This court, in *Rosin v. Secretary of Health, Education and Welfare,* 379 F.2d 189, 195 (9 Cir. 1967), summarized the applicable rules in determining whether a claimant is unable "to engage in any substantial gainful activity":

To satisfy the statutory requirement that a claimant be unable to engage in any substantial gainful activity, it is not necessary that he introduce evidence which negatives every imaginable job open to men with his impairment, age, experience and education. (citing cases.) All that is required of the claimant is that he be unable to do the type of work that he was formerly engaged in and demonstrates his lack of particular experience for any other type of work. (citing cases.) Once the claimant has demonstrated that he can no longer engage in his former occupation, it is incumbent on the Secretary to show that there are other types of work which the claimant is capable of doing. (citing cases.) Such proof must not be based on the claimant's mere theoretical ability to do some kind of work, but must be based on practical and realistic considerations, such as education, experience, emotional and physical condition and reasonable job opportunities available within the area in which claimant lived. (citing cases.)

Cases from other circuits are in accord with these principles. In *Brinker v. Weinberger,* 522 F.2d 13, 17–18 (8 Cir. 1975), the court recognized that the Social Security Act is remedial and "to be construed liberally", and to "establish that a claimant . . has the ability to engage in any substantial gainful activity . . . it must be shown that the claimant can *realistically* perform in existing employment". In *Ferran v. Flemming,* 293 F.2d 568, 571–72 (5 Cir. 1961), the court stated that "to sustain a finding of no disability there must be some

record showing that [the claimant] can actually engage in some reasonably available and substantial gainful activity". And in *Torres v. Celebrezze,* 349 F.2d 342, 344 (1 Cir. 1965), cited by this court in *Rosin, supra,* the court said, "It is of no value to a claimant to be physically capable to perform jobs which his age, education and experience prevent him from obtaining."

### Applicable Regulation under Social Security Act

The Secretary on this appeal, as did the administrative law judge and district court, relies solely on 20 C.F.R. § 404.1502 in support of the contention that appellant failed to establish his entitlement to disability benefits because his physical impairment was not the *primary reason* for his inability to engage in "any substantial gainful activity". This regulation reads in pertinent part:

(b) Conditions which constitute neither a listed impairment nor the medical equivalent thereof likewise may be found disabling if they do, in fact, prevent the individual from engaging in any substantial gainful activity. Such an individual, however, shall be determined to be under a disability only if his physical or mental impairment or impairments are the primary reason for his inability to engage in substantial gainful activity. In any such case it must be established that his physical or mental impairment or impairments are of such severity, i. e., result in such lack of ability to perform significant functions as moving about, handling objects, hearing, speaking, reasoning, and understanding, that he is not only unable to do his previous work or work commensurate with his previous work in amount of earnings and utilization of capacities but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .[3]

The administrative law judge decided that the word "primary" in the second sentence was controlling and precluded appellant from receiving any benefits because his language and educational deficiencies, rather than his physical impairment, were the "primary" reason for his inability to obtain gainful employment. In our opinion, however, this construction of the regulation misconstrues the import of the word "primary" and takes it out of context, ignoring the substance of the succeeding sentence. This sentence begins: "In any such case . . . ." This can only mean that the substance of that sentence qualifies the sentence preceding it. Thus, a claimant's physical impairment must be of such severity "that he is not only unable to do his previous work[4] . . . but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . ." Although the claimant's inability to engage in gainful activity must primarily result from physical impairment, that physical impairment and consequent unemployability must not be viewed in a vacuum, but pragmatically in the light of the claimant's age, education, and experience.

The regulation must of course be construed in the light of the statute and rele-

---

3. The Regulation continues in part: "For the purposes of the preceding sentence, work 'exists in the national economy' with respect to any individual, when such work exists in significant numbers either in the region where such individual lives or in several regions of the country. . . . Accordingly, where an individual remains unemployed for a reason or reasons not due to his physical or mental impairment but because he is unsuccessful in obtaining work he could do; or because work he could do does not exist in his local area; or because of the hiring practices of employers, technological changes in the industry in which he has worked, or cyclical economic conditions; or because there are no job openings for him or he would not actually be hired to do work he could otherwise perform, the individual may not be considered under a disability . . . ." The administrative law judge did not rely upon any of these reasons in holding that appellant was not disabled.

4. It is of course undisputed that the physical impairment was the reason for appellant's inability to "do his previous work or work commensurate with his previous work".

vant decisions. It is first noted that the word "primary" is not used in the statute. Under the statute a claimant is disabled if his physical impairment "[is] of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience engage in any other kind of substantial gainful work". 42 U.S.C. § 423(d)(2)(A). The administrative law judge expressly found that appellant is unable to do his previous work "by reason of" his physical impairment. See 42 U.S.C. § 423(d)(1)(A). The sole question for determination is whether considering his age, education, and work experience he is able to engage in "any other kind" of substantial gainful work. This determination must be "based on practical and realistic considerations". *E. g., Rosin,* 379 F.2d at 195.

*Conclusion*

We conclude that the administrative law judge's finding of no disability—which was adopted by the Secretary and affirmed by the district court—was based on an erroneous legal premise and that error fatally flawed the decision. Normally, in such instances the reviewing court should remand the case for further administrative proceedings. See, *e. g., Tigner v. Gardner,* 356 F.2d 647, 651 (5 Cir. 1966). "However, when the record is . . . fully developed . . and there seems little or no likelihood that additional evidence would be presented at a new hearing, a Court can determine whether substantial evidence would support the Secretary if the appropriate test had been applied." *Gardner v. Smith,* 368 F.2d 77 at 86.

Appellee argues that the Secretary never reached a consideration of appellant's age, education, and work experience "because it was determined that the physical impairment of the plaintiff was *not* the primary reason for plaintiff's inability to obtain substantial gainful activity". This statement is not entirely accurate in view of the express finding of the administrative law judge that appellant was not able to perform jobs "within his residual physical ca-

pacity because of his restricted literacy and fluency wit the English language". We conclude, however, that the Secretary should have an opportunity to evaluate the facts under correct legal standards and that the cause should be remanded for reconsideration in the light of the principles set forth in this and the cited cases. See, *e. g., Ferran v. Flemming, supra,* 293 F.2d at 571–72.

The judgment of the district court is vacated, and the case is remanded to that court with instructions to remand to the Secretary for further proceedings consistent with this opinion.