**Louise BURGIN o/b/o Jane Henderson**

v.

**Richard SCHWEIKER, Secretary of Health and Human Services.**

**Civ. No. 3–81–310.**

United States District Court, E. D. Tennessee, N. D.

Sept. 22, 1981.

Glen B. Rutherford, Knoxville, Tenn., for plaintiff.

John H. Cary, U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Secretary of Health and Human Services denying her claim for surviving child's insurance benefits under Title II of the Social Security Act. The case is now before the Court on the pleadings of the parties.

Plaintiff filed an application for benefits on behalf of her minor child on May 22, 1980. (Tr. 90–93). Pursuant to the Secretary's regulations, plaintiff attempted to raise a presumption of the death of the child's father. The Secretary denied benefits initially (Tr. 94), and on reconsideration. (Tr. 95–99). Plaintiff appealed the decision to an Administrative Law Judge who heard the case de novo. (Tr. 7–11). He found that "The evidence does not substantiate a presumption that the ex-husband and wage earner is presumed to be dead." (Tr. 11).

The regulations provide that a person will be presumed dead if the Secretary is given, signed statements by those in a position to know and other records which show that the person has been absent from his or her residence for no apparent reason, and has not been heard from, for at least seven years.

20 C.F.R. § 404.721(b).

The Sixth Circuit has held that the presumption of death arises under the Secretary's regulations when the "applicant presents facts that establish that a wage earner has been absent from his residence and unheard of for a period of seven years." Johnson v. Califano, 607 F.2d 1178, 1182 (6th Cir. 1979). The burden then shifts to the Secretary to show that "either 'the missing person is alive' or that 'the anomaly of the disappearance is consistent with continued life'." Id., quoting Secretary of HEW v. Meza, 368 F.2d 389, 382 (9th Cir. 1966).

The plaintiff testified at evidentiary hearing before the ALJ on November 12, 1980. (Tr. 18–30). She stated that the child's father left the home of his wife and three minor children in November, 1965 and has never returned. (Tr. 24). The record shows no history of desertion. (Tr. 25–26, 32). Although evidence indicates that the father may have been a fugitive from justice at one time for writing bad checks, the F.B.I. file on him was closed in 1967. (Tr. 30). Plaintiff presented evidence that the father was last heard from in 1971, when he spent one night at his mother's house in Maryland. (Tr. 30). We find that the plaintiff has carried her burden raising the presumption of death. The Secretary has failed to present substantial evidence to explain the father's continued absence. See 607 F.2d at 1183.

We must, therefore, remand the case to the Secretary for reconsideration of the absence of any evidence of the father's location since 1971. He should then determine the date of presumed death pursuant to 20 C.F.R. § 404.721(b) and whether the plaintiff is eligible for benefits based on this finding.

For these reasons, it is ORDERED that this case be, and the same hereby is, reversed and remanded to the Secretary for additional findings.

Order Accordingly.