Echo Morton **PENROSE, etc., Plaintiff,**

v.

**Margaret M. HECKLER,[1] Secretary of Health and Human Services, Defendant.**

**No. CV–R–82–255–ECR.**

United States District Court, D. Nevada.

June 27, 1983.

---

1. Margaret M. Heckler has succeeded named defendant Richard S. Schweiker as Secretary of Health and Human Services. Ms. Heckler is hereby substituted as defendant pursuant to Fed.R.Civ.P. 25(d)(1).

Michael B. McDonald, McDonald & Kafchinski, Reno, Nev., for plaintiff.

Lamond R. Mills, U.S. Atty., Shirley Smith, Asst. U.S. Atty., Reno, Nev., Jerry J. Bassett, Asst. Regional Atty., San Francisco, Cal., for defendant.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

This matter is before the Court by reason of Defendant's objections to the Magistrate's Report and Recommendation. The Recommendation is that an order be issued granting Plaintiff's motion for summary judgment and requiring defendant Secretary to process Plaintiff's claim for social security survivors' benefits for her and her children on the basis that the wage earner, Bruce M. Morton, had died on April 22, 1973. Mr. Morton was the father of Plaintiff's children and her husband on that date. (She obtained a divorce from Mr. Morton, who had disappeared, in June 1973).

The Social Security Administration had denied Plaintiff's claim. At her request, Administrative Law Judge James S. Higgins (hereinafter the ALJ) held a two-day hearing. By Decision dated March 5, 1982,

he denied Plaintiff's claim, "because it has not been proven, by presumption or otherwise, that the wage-earner Bruce M. Morton is dead." The Administration's Appeals Council denied her request for review, therefore she filed a 42 U.S.C. § 405(g) complaint with this Court requesting review and reversal of the ALJ's Decision. The case was referred to the United States Magistrate, who made her Report and Recommendation after considering cross-motions for summary judgment.

No one has proffered verifiable knowledge that Mr. Morton is dead. Therefore, the central issue is whether he should be presumed dead by reason of his long absence, in the light of the circumstances surrounding his disappearance. 20 C.F.R. § 404.721(b) offers the guideline that the Social Security Administration will presume a missing person is dead if statements and evidence are provided "which show that the person has been absent from his or her residence for no apparent reason, and has not been heard from, for at least 7 years."

The ALJ's Decision explains in some detail the factual bases for the denial of benefits. These include marital, business, legal and personal problems that were pressing Mr. Morton at the time of his disappearance in April 1973. The transcript of the hearing before the ALJ and the exhibits accepted as evidence at that hearing do provide factual support for his conclusion that Mr. Morton's disappearance was not unexplained, i.e., he was fleeing from problems that were overwhelming him.

Plaintiff was represented by an attorney at the hearing and offered explanations and evidence that served to refute or minimize the magnitude and, to some extent, even the existence of Mr. Morton's alleged problems. The ALJ's Decision noted, however, that Plaintiff's testimony at the hearing was inconsistent with other evidence of record, some of which she herself had provided to law enforcement and social security authorities soon after Mr. Morton's disappearance.

Although the Magistrate acted on cross-motions for summary judgment, 42 U.S.C. § 405(g) provides only for a "judicial review" of the pleadings and the administrative record. Supplementation of the record is not authorized. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 554, 46 L.Ed.2d 483 (1976). Since motions for summary judgment may be supported and opposed by affidavits, exhibits and discovery materials (Fed.R.Civ.P. 56), it has been noted that summary judgment procedure probably is not appropriate under § 405(g). *McMullen v. Celebrezze*, 335 F.2d 811, 814 (9th Cir. 1964); *Gomez v. Harris*, 504 F.Supp. 1342, n. 5 (D.Alaska 1981). Therefore, Plaintiff's motion will be treated as one requesting the setting aside of the ALJ's Decision, and Defendant's motion will be regarded as asking for affirmance of that Decision. *See Garcia v. Califano*, 463 F.Supp. 1098, 1099–1100 (N.D.Ill.1979).

 It is clear that it is the function of the Social Security Administration, acting through the ALJ, to weigh and balance conflicting evidence so as to determine the facts and draw the appropriate inference as to whether the missing person is alive or dead. *Secretary of Health, Education and Welfare v. Meza*, 368 F.2d 389, 392 (9th Cir.1966); *Gardner v. Wilcox*, 370 F.2d 492, 494 (9th Cir.1966). Further, it is the responsibility of the ALJ, not the Court, to judge the credibility of witnesses. *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir.1978).

42 U.S.C. § 405(g) itself declares that the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive.

"The substantial evidence test requires that the reviewing court determine that the Secretary's findings are supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required. It is immaterial that the evidence in a case would *permit* a different conclusion than that which the Secretary reached. If the Secretary's findings are supported by substantial evidence, the courts are required to accept them. It is the function of the Secretary, and not the court's to resolve conflicts in the evidence.

"While the court may not try the case *de novo,* neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the Secretary's conclusions are *rational.* If they are, as in the instant case, they must be upheld." *Sorenson v. Weinberger,* 514 F.2d 1112, n. 10 (9th Cir.1975).

Using this test and after scrutinizing the pleadings and the entire administrative record, the Court deems itself concluded by the ALJ's finding that: "The disappearance of Bruce M. Morton in April of 1973 was not unexplained and for no apparent reason."

This is not the end of the Court's review, however. Even if the ALJ's findings are supported by substantial evidence, his Decision should be set aside if it was not reached through the application of proper legal standards. *Benitez v. Califano, supra* at 655.

When the facts show that a person has been absent from his residence and unheard of for a period of seven years, a presumption arises that he is dead. *Secretary of Health, Education and Welfare v. Meza,* 368 F.2d 389, 392 (9th Cir.1966). Plaintiff provided statements from family, friends and business associates of Mr. Morton which raised the presumption of his death. The reason for the presumption is that a person doesn't ordinarily disappear for no apparent reason and sever a long established pattern of living and all contacts with family and friends. *Ibid.* The burden then shifted to the Social Security Administration to provide facts that rationally explained the anomaly of Mr. Morton's disappearance in a manner consistent with continued life. *Ibid.* The factual circumstances existent just prior to and at the time of his disappearance constituted evidence substantial enough to sustain this burden. Thus, if Plaintiff had claimed survivors' benefits seven years after Mr. Morton's disappearance, the Administration could have successfully overcome the presumption of death. The ALJ appears to have failed to consider, however, that a person who flees his problems does not

thereby achieve immortality. *See Christen v. Secretary of Health, Education & Welfare,* 439 F.2d 715 (9th Cir.1971); *Aubrey v. Richardson,* 462 F.2d 782, 785 (3rd Cir.1972). The explanation for Mr. Morton's disappearance may not suffice to explain his continued absence. Mr. Morton now has been completely out of contact with family, friends and relatives for more than ten years. At the time of the ALJ's hearing he had been gone for more than eight-and-a-half years.

Mr. Morton's explained departure only delayed the start of the seven-year period that gives rise to the presumption of death. It explained his disappearance, but not his continued absence. Failure of the ALJ to consider this latter factor is violative of Plaintiff's due process. *Singer v. Schweiker,* 694 F.2d 616, 618 (9th Cir.1982); *see also Christen v. Secretary of Health, Education & Welfare, supra; Gardner v. Wilcox,* 370 F.2d 492, 494 (9th Cir.1966).

Because this case will have to be remanded to the ALJ to consider Plaintiff's claims in light of Mr. Morton's continued absence, it seems appropriate to list some decided cases that have dealt with the problem:

1) *Wages v. Schweiker,* 659 F.2d 59 (5th Cir.1981)

2) *Burgin v. Schweiker,* 531 F.Supp. 16 (E.D.Tenn.1981)

3) *Edwards v. Califano,* 619 F.2d 865 (10th Cir.1980)

4) *Johnson v. Califano,* 607 F.2d 1178 (6th Cir.1979)

5) *Christen v. Secretary of Health, Education & Welfare,* 439 F.2d 715 (9th Cir.1971)

6) *Newman v. Gardner,* 263 F.Supp. 58 (E.D.N.Y.1967)

7) *Secretary of Health, Education and Welfare v. Meza,* 368 F.2d 389 (9th Cir.1966)

8) *Gardner v. Wilcox,* 370 F.2d 492 (9th Cir.1966)

9) *Smith v. Celebrezze,* 243 F.Supp. 955 (S.D.Ia.1965)

For the reasons discussed above, the Court rejects the Magistrate's Report and Recommendation.

IT IS HEREBY ORDERED that Plaintiff's motion that the ALJ's Decision be set aside is granted and said Decision is hereby vacated.

IT IS FURTHER ORDERED that this case be remanded to the Administrative Law Judge to determine whether Mr. Morton should be presumed dead by reason of his continued absence. If any further evidence has turned up since the ALJ's hearing in December 1981, he should consider the same.