**James E. IRESON, Plaintiff,**

v.

**Shirley S. CHATER, Ph.D., Commissioner of Social Security Defendant.**

**No. C 94–3003 FMS.**

United States District Court, N.D. California.

Aug. 4, 1995.

James E. Ireson, San Francisco, CA, pro se.

Paul Solon, Mary Beth Uitti, San Francisco, CA, for defendant.

AMENDED * ORDER (1) GRANTING DE-FENDANT'S MOTION FOR SUM-MARY JUDGMENT (2) DENYING PLAINTIFF'S MOTION FOR SUM-MARY JUDGMENT

## ISSUES

FERN M. SMITH, District Judge.

James E. Ireson ("Plaintiff") seeks review of the decision of the Secretary of Health and

* Nonsubstantive changes were made for publication with the consent of the parties.

1. Pursuant to P.L. No. 103–296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security effective March 31, 1995. In accordance with § 106(d) of P.L. No. 103–296,

Human Services ("Secretary") [1] to uphold the Social Security Administration's (SSA) reduction of plaintiff's Supplemental Security Income (SSI) benefits in accordance with California's state-wide reduction of its state supplementary payment (SSP). Plaintiff raises three issues on review: 1) whether plaintiff was denied due process because he did not receive adequate notice of California's agreement with SSA and California's authority to change its SSP rate; 2) whether plaintiff was denied due process because the administrative hearing he received was not meaningful; and 3) whether SSA's reduction of plaintiff's benefits beginning in November 1992 was improper given that plaintiff appealed SSA's decision within ten days. For the reasons stated below, the Court finds that plaintiff's claims are without merit.

## BACKGROUND

Plaintiff is disabled and is dependent on the income he receives from SSA. On September 28, 1992, plaintiff received a Notice of Planned Action ("Notice") which informed him that California has instructed SSA to reduce the amount California pays its residents under the SSI program. Transcript ("Tr.") 18. The Notice notified plaintiff that his California State payment amount would be lowered beginning November 1992 and noted the amount plaintiff would receive each month. *Id.* Additionally, the Notice informed plaintiff that he had the right to appeal the decision and explained when and how he should proceed with an appeal. Tr. 19. The notice also informed plaintiff that if he appealed within 10 days of receiving the Notice, SSA would not change the amount he got paid until a decision was made on review. *Id.*

Plaintiff filed a "Request for Reconsideration" within 10 days of receiving the Notice.

Shirley S. Chater, Commissioner of Social Security, should be substituted for Donna E. Shalala, Secretary of Health and Human Services, as defendant in this action. The Court will continue to refer to the Secretary throughout this Order, however, because the Secretary was the defendant when the underlying facts of the case occurred.

Tr. 21. SSA issued a reconsideration decision on October 5, 1992 and sent a copy to plaintiff. *Id.* SSA affirmed its original decision and informed plaintiff of his appellate rights. *Id.* SSA also set forth the rationale for its decision. *Id.*

On October 29, 1992, plaintiff's friend and non-attorney representative, Mark Kast ("Kast"), wrote to SSA requesting that SSA increase its payment of SSI benefits to plaintiff. Tr. 25. Kast also requested further documentation relating to California's instruction and authority to reduce its SSP rate. *Id.*

On November 10, 1992, plaintiff filed a "Request for Hearing" by an administrative law judge (ALJ). Tr. 22. The Chief ALJ responded in a letter on January 7, 1993, stating that there were no legal or factual questions in dispute that could be resolved by an ALJ. Tr. 26.

On January 19, 1993, plaintiff requested an oral hearing with an ALJ. Tr. 27. A hearing was held before ALJ Dorothy Hamlet on April 2, 1993 at which plaintiff asserted that his right to procedural due process had been violated because he was not given a meaningful forum in which to appeal the State of California's decision and because he never received adequate notice of California's agreement with SSA or any evidence that his reductions were computed correctly. Tr. 49, 57.

In response to the reduction of plaintiff's SSI benefits, ALJ Hamlet informed plaintiff that SSA had no jurisdiction to restore California's SSP cuts. Tr. 49. She also opined that there was no lack of due process because the decision to cut California's SSP was a State legislative decision. Tr. 58.

Subsequently, plaintiff requested review of ALJ Hamlet's decision. Prior to the review, on March 23, 1994, SSA's Hearings and Appeals Analyst wrote plaintiff a letter informing him that he could obtain a copy of the agreement between SSA and California regarding state supplementation of SSI benefits from plaintiff's servicing social security office. Tr. 5.

On July 14, 1994, after considering plaintiff's request for review, the Appeals Council concluded that there was no basis for granting plaintiff's request and affirmed ALJ Hamlet's decision. Tr. 3.

Plaintiff now seeks judicial review of the Secretary's decision pursuant to 42 U.S.C. § 405(g). The parties have filed cross-motions for summary judgment pursuant to Fed.R.Civ.P. 56. As an alternative, defendant moves to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6).

## DISCUSSION

### I. The Legal Standard

■■ The Court may disturb the Secretary's final decision "only if it is based on legal error or if the fact findings are not supported by substantial evidence." *Sprague v. Bowen,* 812 F.2d 1226, 1229 (9th Cir.1987). "Substantial evidence, considering the entire record, is relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala,* 10 F.3d 678, 679 (9th Cir.1993). Even if substantial evidence supports the Secretary's fact findings, the Secretary's decision should be set aside if improper legal standards were applied in reaching that decision. *See Benitez v. Califano,* 573 F.2d 653, 655 (9th Cir.1978).

### II. Due Process

Plaintiff argues that the final decision of the Secretary violated his right to due process; however, the Secretary's findings and conclusions are fully supported by substantial evidence and by proper legal standards.

#### A. Adequate Notice

First, plaintiff disagrees with the Secretary's finding that the initial September 28, 1992 Notice plaintiff received regarding the reduction in California's SSP was adequate. Plaintiff claims that he should have received 1) information about the agreement between SSA and California regarding California's SSP, 2) evidence that California did in fact instruct SSA to reduce its SSP, and 3) the calculations that resulted in changes to plaintiff's monthly SSI benefits. SSA was not

required, however, to provide any further notice or information than it did in its initial Notice.

■ For notice to be adequate under the Due Process Clause, two requirements must be satisfied: the notice must inform affected parties of the action to be taken against them as well as of procedures available for challenging that action. *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 13, 98 S.Ct. 1554, 1562, 56 L.Ed.2d 30 (1978), *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The initial Notice plaintiff received from SSA informed plaintiff of California's instruction to reduce its SSP and the precise effect this reduction would have on plaintiff's monthly benefits. Additionally, the Notice clearly instructed plaintiff on the number of ways he could appeal SSA's action. Tr. 19. The Secretary, therefore, properly concluded that the Notice was adequate and did not violate plaintiff's due process rights.

■ Moreover, the notice required is less stringent when a reduction in benefits results from a mass change rather than from an individual adverse action.[2] The two requirements for sufficient notice of a mass change are 1) that individual notices be sent to all affected recipients and 2) that the notice informs recipients of the change. *Atkins v. Parker*, 472 U.S. 115, 126, 105 S.Ct. 2520, 2527, 86 L.Ed.2d 81 (1985) (advising food-stamp recipients 1) that reduction in earned income disregard might result in either a reduction or termination of their benefits, 2) that they had the right to request a hearing, and 3) that their benefits would be reinstated if a hearing was requested within ten days of notice satisfied due process). SSA satisfied both requirements in its initial September 28, 1992 Notice. Although the Secretary concedes that SSA did not timely respond to plaintiff's request for detailed documents and evidence of calculations regarding plaintiff's particular reduction in

benefits, a delay in providing this information does not rise to the level of a due process violation. *Id.* at 129, 105 S.Ct. at 2528–29.

■ Furthermore, plaintiff erroneously concludes that because he was not provided with documents and evidence detailing California's SSP agreement with SSA and California's decision to reduce its SSP that the Secretary's determination is not supported by substantial evidence. SSA accurately calculated the cuts in plaintiff's benefits that resulted from California's reduction in its SSP rate based on information in SSA's records; therefore, the Secretary's final decision to reduce plaintiff's benefits was based on substantial evidence. Plaintiff cites no authority, and the Court is aware of none, that requires the SSA to provide recipients with specific calculations or with the agreements between California and the SSA.

SSA, the ALJs and the Appeals Council made considerable efforts to explain to plaintiff the authority for the SSI benefits reduction in several of its decisions and in reconsideration of plaintiff's case. In its "Notice of Reconsideration," SSA informed plaintiff that under 20 CFR 416.2001, the federal government allows states to pay an SSP to their own SSI recipients, and under 20 CFR 416.2030, states have the right to decide how much the supplement will be. Tr. 21. In a letter to plaintiff on January 7, 1993, the Chief ALJ explained that under § 1618 of the Social Security Act, a state may establish any supplementation rate level which exceeds the rate paid in 1983 and he explained how and why California's reduction is consistent with § 1618. Tr. 26. In a letter from the Appeals Council as well as in the Appeals Council's denial of plaintiff's request to review his case, plaintiff was informed that he could receive a copy of the agreement between California and SSA by requesting it from his servicing social security office. Tr. 6, 7. Although SSA did not provide plaintiff with specific calculations regarding his benefit reductions until they were ordered by the

---

2. 7 CFR § 273.12(e) (1985) states in relevant part: "Mass Changes. Certain changes are initiated by the State or Federal government which may affect the entire caseload or significant portions of the caseload. These changes include ... annual and seasonal adjustments to Social Security, SSI, and other federal benefits, ... and other changes in the eligibility criteria based on legislative or regulatory actions."

Court, the Secretary's final decision was accurately calculated based on legitimate reductions in California's SSP by the State Legislature and thus was more than supported by substantial evidence in the record.

## B. Meaningful Hearing

Plaintiff also claims his due process rights were violated because he did not receive a meaningful hearing. The Secretary concedes that SSA's administrative appeal process was not meaningful as a response to a state-initiated mass change; nevertheless, the Secretary was correct in finding that plaintiff's due process rights were satisfied.

■ Plaintiff relies on the procedural due process standards described in *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) to show that his constitutional right has been violated; however the *Goldberg* standard applies to actions affecting individual, fact-based adverse actions, not to mass changes that affect an entire caseload of recipients. *Goldberg* applies to cases in which recipients have challenged proposed terminations based on incorrect or misleading premises or on misapplication of rules or policies to the facts of the particular cases. *Id.* at 269, 90 S.Ct. at 1021. Plaintiff has not alleged that any incorrect or misleading factual premises were used in making the Secretary's determination nor does he claim that the Secretary misapplied any rules or policies.

■ Instead, plaintiff is challenging a legislatively mandated substantive change in the scope of the entire SSI program. Just as a welfare recipient is not deprived of due process when the legislature adjusts benefit levels, *see Atkins,* 472 U.S. at 129, 105 S.Ct. at 2528-29, neither is a SSI recipient when a state legislature makes a statutory change in its SSP rate. When there is a legislatively mandated substantive change in the scope of an entire program, "the legislative determination provides all the process that is due." *Id.* This standard makes sense, because otherwise, SSA's resources would be consumed by hearing individual appeals from thousands of recipients who have had their SSP payments cut by the State. Because there is no evidence that California is not in compliance with § 1618 of the Social Security Act, the Secretary was correct in finding that SSA is required to uphold California's decision to reduce the California SSP rate for SSI benefits. Plaintiff's right to procedural due process has been met.

## III. Reduction Despite Appeal within Ten Days

■ Plaintiff argues that SSA improperly reduced plaintiff's SSI payments even though plaintiff appealed the decision to reduce his benefits within 10 days. Plaintiff did not make this argument before the ALJ or the Appeals Council. Because the Court may only review the final decision of the Secretary, consisting of the hearings and decisions of the ALJ and the Appeals Council, the Court has no authority to rule on this matter.

■ Even if plaintiff had brought this claim before the ALJ or the Appeals Council, his argument is without merit. Plaintiff received the initial September 28, 1992 Notice which informed him that if he appealed within 10 days, his SSI benefits would not be changed. Tr. 19. Plaintiff did appeal within 10 days, so his benefit amount was frozen; however SSA issued a reconsideration decision on October 14, 1992, finding that the original decision to reduce plaintiff's monthly payments was correct. The October decision included no statement that continued appeal of plaintiff's claim would result in his benefits remaining the same. Because an adverse decision was made on plaintiff's appeal within the month of October, SSA reduced plaintiff's monthly benefits starting the next month, November 1992. SSA did not promise any more stays of the reduction in benefits beyond the first appeal; SSA acted properly and gave no more and no less than what it stipulated in its correspondence to plaintiff.

## CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment is GRANTED and plaintiff's motion for summary judgment is DENIED. The Clerk of the Court shall close the file.

SO ORDERED.