*218 MEMORANDUM **
Khong Khampunbuan appeals the district court’s summary judgment affirming the administrative law judge’s (ALJ) determination that Khampunbuan was not entitled to continued Supplemental Security Income (SSI) disability benefits. Khampunbuan argues that the ALJ’s decision cannot be sustained because the ALJ used the wrong legal standard in determining whether her benefits should continue. We have jurisdiction under 28 U.S.C. § 1291 and we reverse.
We review de novo the district court’s order affirming the denial of benefits in a social security case. Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir.2001). Regulations governing the handling of social security benefit determinations identify two separate standards: one to be employed in making an initial disability determination (20 C.F.R. § 416.920) and the second for assessing whether a previously determined disability continues (20 C.F.R. § 416.994(b)(5)(i — vii)). The regulation outlining the seven-step process to be undertaken in evaluating continuing disability specifically mandates compliance “[t]o assure that disability reviews are carried out in a uniform manner.” 20 C.F.R. § 416.994(b)(5). The regulation also states that in order to ensure that “any decisions to stop disability benefits are made objectively, neutrally, and are fully documented, we will follow specific steps.” Id.
The ALJ’s decision reveals that the ALJ employed the wrong standard, stating that the five-step standard for assessing initial disability was used, rather than the seven-step process for evaluating continuing disability. We reject the government’s argument that the ALJ applied the correct legal standard because the ALJ’s findings under the former standard satisfied the requirements of the latter. Because the wrong legal standard was applied, we decline to review the ALJ’s decision for substantial evidence. See Benitez v. Califano, 573 F.2d 653, 655 (9th Cir.1978) (holding that even where social security disability findings are supported by substantial evidence, a decision still “should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision”). We reverse and remand for the ALJ to apply the correct legal standard. See id. at 657.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.